United States District Court
Southern District of Texas
**ENTERED**
April 19, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NERY RAMIREZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:22-CV-1510 |
| | § | |
| WILMINGTON TRUST, NATIONAL | § | |
| ASSOCIATION, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a motion for summary judgment filed by Defendants Wilmington Trust, National Association ("Wilmington"), and Select Portfolio Servicing, Inc. ("Select"). The motion (Dkt. 18) is **GRANTED**.

## I.     BACKGROUND

Because Plaintiff Nery Ramirez ("Nery") has not filed a response to Defendants' motion for summary judgment, the Court accepts as undisputed the facts and evidence set forth in Defendants' motion. *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988); *see also Flowers v. Deutsche Bank National Trust Co.*, 614 Fed. App'x 214, 215 (5th Cir. 2015) ("The failure to respond to a summary judgment motion leaves the movant's facts undisputed. The court need only decide whether those undisputed facts are material and entitle the movant to judgment as a matter of law.") (citation omitted). Defendants' summary judgment evidence establishes that Nery and her husband, Michael Ramirez ("Michael"), took out a home equity loan in 2006 that was secured by the home located at 4419 Clay Street in Houston ("the Property"). (Dkt. 18-2 at pp. 6–10; Dkt. 18-3 at p. 1).

The mortgage was assigned to Wilmington, and Select is the mortgage servicer. (Dkt. 18-5 at p. 3; Dkt. 18-8 at p. 1).

Nery and Michael have been in default on the loan since September of 2017. (Dkt. 18-6 at p. 2). Select sent Nery and Michael a notice of default in August of 2019 and a notice of acceleration in March of 2022. (Dkt. 18-6; Dkt. 18-7). A foreclosure sale was scheduled for May 3, 2022. (Dkt. 1-4 at p. 2). Nery filed this lawsuit the day before the scheduled foreclosure sale, requesting a judicial declaration that Defendants' "purported lien does not constitute a lien or encumbrance against the Property." (Dkt. 1-4 at pp. 2–3). Wilmington filed a counterclaim against Nery and a third-party complaint against Michael for a judgment authorizing foreclosure. (Dkt. 9; Dkt. 10).

Defendants have now moved for summary judgment on Nery's claims against them and on Wilmington's claims against Nery.[1]

## II.     <u>**SUMMARY JUDGMENTS**</u>

In deciding a motion for summary judgment under Federal Rule of Civil Procedure 56, the Court must determine whether the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant's initial summary judgment burden depends on whether the movant will bear the burden of proof at trial. If the non-movant will bear the burden of proof at

---

[1] Wilmington has also filed a motion for a default judgment against Michael. (Dkt. 20). This order does not dispose of that motion, which the Court will set for hearing by separate notice.

trial on an issue raised in a motion for summary judgment, then the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an absence of a genuine issue of material fact. *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The movant need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The movant may meet its burden by pointing out the absence of evidence supporting the non-movant's case. *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). However, if the movant will carry the burden of proof at trial, as is the case when the movant is either the plaintiff or a defendant asserting an affirmative defense, then the movant can only carry its initial burden by establishing beyond peradventure all of the essential elements of its claim or defense. *Fontenot v. Upjohn Co*., 780 F.2d 1190, 1194 (5th Cir. 1986).

If the movant meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (citations omitted). In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from those facts must be reviewed in the light most favorable to the non-movant. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co*., 336 F.3d 410, 412 (5th Cir. 2003).

### III.    JUDICIAL FORECLOSURE

"To foreclose under a security instrument in Texas with a power of sale, the lender must demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution; (3) plaintiffs are in default under the note and security instrument; and (4) plaintiffs received notice of default and acceleration." *Huston v. U.S. Bank National Association*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), *aff'd*, 583 Fed. App'x 306 (5th Cir. 2014). When the security instrument in a home equity loan transaction contains a power of sale provision, the lender may pursue its remedies by filing a claim for judicial foreclosure as a counterclaim in a suit initiated by the borrower that challenges the propriety of the loan agreement. *Steptoe v. JPMorgan Chase Bank, N.A.*, 464 S.W.3d 429, 432 (Tex. App.—Houston [1st Dist.] 2015, no pet.).

Defendants' evidence establishes all of the necessary elements on Wilmington's claim for judicial foreclosure against Nery. Nery has defaulted on an existing debt secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution, and Defendants provided Nery with notice of default and acceleration. (Dkt. 18-3; Dkt. 18-6; Dkt. 18-7). The mortgage was assigned to Wilmington, and Select is the mortgage servicer. (Dkt. 18-5 at p. 3; Dkt. 18-8 at p. 1). The relevant security instrument contains a power of sale provision. (Dkt. 18-3 at pp. 1, 5–6). Moreover, by the same token, Defendants' evidence establishes that Defendants are entitled to judgment as a matter of law on Nery's claims against them challenging the validity of their lien. Accordingly, the Court will grant Defendants' motion for summary judgment.

## IV.    <u>CONCLUSION</u>

The motion for summary judgment filed by Defendants Wilmington Trust, National

Association, and Select Portfolio Servicing, Inc. (Dkt. 18) is **GRANTED**.

SIGNED at Houston, Texas on April 19, 2023.

GEORGE C. HANKS, JR.<br>
UNITED STATES DISTRICT JUDGE